F I L E D
United States Court of Appeals
Tenth Circuit

OCT 2 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAMUEL J. WILDER,

      Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
HUMAN SERVICES,

      Defendant-Appellee.

No. 96-5247
(D.C. No. 96-CV-276-B)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

On April 9, 1996, Plaintiff-Appellant Samuel J. Wilder ("Wilder") filed a

Notice of Appeal and Opening Brief (Complaint) in the United States District

Court for the Northern District of Oklahoma requesting judicial review of an

administrative decision by the Oklahoma Department of Human Services. Wilder

initiated administrative proceedings within the Department to contest what he

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

believed to be an unnecessary delay in the processing of his application for Low Income Home Energy Assistance Program ("LIHEAP") benefits. Although the Department eventually granted him all of the relief he requested, Wilder pursued the present action in federal district court because he felt that in the written decision awarding him monetary relief the Department had unfairly criticized him for failing to file his LIHEAP application on time. The district court dismissed the complaint for lack of subject matter jurisdiction. The district court subsequently denied Wilder's motion to reconsider. Wilder now appeals. We affirm.

The district court based its ruling dismissing Wilder's complaint on 56 Okla. Stat. § 168 (1991). The statute provides that applicants and recipients of public assistance who are aggrieved by a decision of the Director of the Oklahoma Department of Human Services may petition the district court in which the applicant or recipient resides for a judicial review of the decision. Wilder erroneously interprets 56 Okla. Stat. § 168 to confer jurisdiction on the federal district court. Instead, 56 Okla. Stat. § 168 confers jurisdiction on the Oklahoma state district court for the district in which an applicant or recipient of benefits resides to hear complaints against the Department.

Jurisdiction in the federal courts is limited by Article III of the Constitution of the United States and by federal statute. The United States District Court for

the Northern District of Oklahoma, a federal district court, did not have jurisdiction to hear Wilder's complaint under any federal statute. Wilder argues on appeal that Local Rule 16.1 for the United States District Court for the Northern District of Oklahoma grants jurisdiction over administrative Review Cases to the district court. However, Local Rule 16.1 only relates to those cases over which the district court otherwise has jurisdiction pursuant to federal statute. Rule 16.1 does not create jurisdiction over actions that must be brought in state court.

A state statute cannot amend the jurisdiction of the federal courts. Wilder should have filed his complaint in the Tulsa County District Court for the State of Oklahoma. Because the district court did not have jurisdiction to consider Wilder's complaint, we AFFIRM the district court's order dismissing the case.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge